IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02410-PAB

EDGAR URIEL MARTINEZ-SALAMANCA,

     Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora ICE Processing Center, in his official capacity,
DAVID VENTURELLA, Acting Director of U.S. Immigration and Customs enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, in his official capacity, and
TODD BLANCHE, Acting Attorney General of the United States, in his official capacity,

     Respondents.

---

**MINUTE ORDER**

---

**Entered by Judge Philip A. Brimmer**

     This matter is before the Court on petitioner Edgar Uriel Martinez-Salamanca's Verified Petition for Habeas Corpus [Docket No. 1] and Petitioner's Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket No. 2]. Petitioner states that he has been granted Special Immigrant Juvenile Status ("SIJ status"). Docket No. 1 at 2, ¶ 3.

     Petitioner asserts that he is charged with being removable "pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the U.S. without being admitted or paroled, or who arrived in the U.S. at any time or place other than designated by the Attorney General." *Id.* at 9, ¶ 33. However, "under the [Immigration and Nationality Act], an SIJ beneficiary cannot be removed for having entered the country somewhere other than at an official checkpoint" or "based on the lack of valid entry documents." *Alfaro Herrera v. Baltazar*, No. 25-cv-04014-CNS, 2026 WL 91470, at *2 (D. Colo. Jan. 13, 2026) (internal quotations, alterations, and citations omitted). Given petitioner's SIJ status and the asserted grounds for petitioner's removal, substantive due process concerns are implicated. *See id.* at *6-9. Respondents, however, did not address petitioner's substantive due process claim in their response. *See generally* Docket No. 9. The Court will order respondents to provide supplemental briefing on this issue.

     Therefore, it is

**ORDERED** that respondents shall submit supplemental briefing addressing the issue identified by the Court within **five days** of this order.  Petitioner may file a response within **five days** of respondents submitting supplemental briefing.

DATED June 22, 2026.